**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------------- x

UNION MUTUAL FIRE INSURANCE COMPANY   :

                                :

             Plaintiff,   :

                                :

       v.   :      3:24-CV-1963 (SFR)

                                :

MICHAEL KRAJEWSKI ET AL,   :

                                :

            Defendants.   :

---------------------------------------------------------------- x

**MEMORANDUM & ORDER**

Plaintiff Union Mutual Fire Insurance Company ("Union Mutual") brought this action against Defendants Michael Krajewski d/b/a Mike's Masonry & Chimney Sweep ("Krajewski") and Brian Hartwell and Frances Hartwell (the "Hartwells") seeking a declaration that it owes no duty to defend or indemnify Krajewski in relation to an action brought in Connecticut Superior Court by Brian Hartwell against Krajewski. Union Mutual has now filed a Motion for Summary Judgment. For the following reasons, I grant Union Mutual's Motion for Summary Judgment.

## I.    BACKGROUND

### A.    Factual Background

The following facts are undisputed unless otherwise noted.[1] On March 22, 2022, Krajewski worked with Jay Long of the Gerardi Insurance Agency on an application for insurance for his business, Michael Krajewski DBA Mike's Masonry & Chimney Sweep

---

[1] The factual background is drawn primarily from facts in Union Mutual's Rule 56(a)(1) Statement of Facts, ECF No. 37, and various exhibits attached to this statement. Citations to the Rule 56(a)1 Statement are by paragraph number. With respect to other documents, page citations are to the page number generated by the ECF system.

("Application"). Pl.'s L.R. 56(a)(1) St. ¶ 1. As part of the insurance procurement process, Krajewski provided responses on the Application and made representations to Mr. Long regarding the nature of the business, the work that it performed, his lack of use of subcontractors, and the gross receipts of the company, among other relevant underwriting information. *Id.* ¶ 2.

Representations made by Krajewski on the Application were false and misleading. *Id.* ¶ 4. On the Application, Krajewski indicated (and misrepresented) that he performed masonry work only, did not have any incidental operations, did not have any employees, did not subcontract work, did not perform any demolition or excavation operations, and did not use scaffolding, cranes, or heavy equipment. *Id.* ¶ 5. Krajewski signed the Application, indicating that the information contained therein was true, complete and correct to the best of his knowledge and belief. *Id.* ¶ 7.

Union Mutual processed the Application for insurance and issued Krajewski the policy, relying on the information and representations made in the Application. *Id.* ¶ 8. Union Mutual would not have issued the insurance to Krajewski had they known that he misrepresented the nature of his business. *Id.* Union Mutual issued business owner's Policy BOP0202720-02 (the "Policy"), to Michael Krajewski DBA Mike' Masonry & Chimney Sweep as the named insured. The Policy was effective from March 22, 2023, to March 22, 2024. *Id.* ¶ 9.

The Policy contains a provision outlining the duties of the insured in the event of an occurrence, claim or lawsuit.

> "a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
> (1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable."

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or

legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation, or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

*See* Policy, ECF No. 38, at 59.

The Policy also provides the following regarding misrepresentations:

Concealment, Misrepresentation Or Fraud

This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This policy;

2. The Covered Property;

3. Your interest in the Covered Property; or

4. A claim under this policy.

*See id.* at 64.

3

Krajewski entered into an agreement with the Hartwells to do work on their home. The work that Krajewski agreed to provide to the Hartwells included work that was beyond the scope of the masonry trades, and included subcontracted work, excavation work, and the use of heavy equipment. Pl.'s L.R. 56(a)(1) St. ¶ 6.

On March 27, 2023, Krajewski issued a "Proposal" for a substantial home renovation project to Frances Hartwell concerning 11 Bull Hill Road in North Grosvenordale, Connecticut, which included, among other things, excavation work, removing the old foundation, installing a new foundation, installing all new drainage, installing a new bulkhead, installing a new roof with 20/30 year shingles to match the front of house, installing new gutters, and installing a drainage system from back of house to a drainage ditch about 150 feet from the home. *Id*. ¶ 12. Brian Hartwell signed the agreement on May 21, 2023, and provided Krajewski with a down payment. *Id.* ¶ 13.

During the project, Krajewski hired subcontractors, performed excavation work, damaged the drainage system, damaged a conduit for a generator, and left the job incomplete. *Id.* ¶ 14. After a town building official contacted Union Mutual about a potential claim by the Hartwells against Krajewski relating to his work, *id.* ¶ 15, Union Mutual attempted to determine coverage and investigate the loss. In particular, Union Mutual retained an attorney, scheduled an Examination Under Oath of Krajewski on several occasions from June 2024 through October 4, 2024, and asked that he bring documents to such examinations. *Id.* ¶ 16. Krajewski cancelled or failed to appear for such examinations on at least six occasions despite confirmation that he would attend and accommodations being made to conduct such examination near his home. *Id.* ¶ 17. Krajewski has not produced the documents requested by Union Mutual to be brought to the examination. *Id.* ¶ 18. Union Mutual asserts that the

Defendants have no evidence that Krajewski cooperated or assisted Union Mutual by appearing for Examinations Under Oath and/or producing the documents that were requested. *Id.* ¶ 19.

By Complaint dated August 30, 2024, Brian Hartwell instituted a civil action in the Connecticut Superior Court (the "Underlying Action") against Michael Krajewski d/b/a Mike's Masonry & Chimney Sweep, for money damages arising out of incomplete and deficient home improvement work performed by Krajewski on Hartwell's home from mid-June until November 2023. *Id.* ¶ 20. Although served with the complaint in the Underlying Action on September 12, 2024, Krajewski did not provide a copy or any notice concerning the lawsuit to Union Mutual or otherwise let Union Mutual know of the existence of the lawsuit. *Id.* ¶ 21. Krajewski filed a Pro Se Appearance in the Underlying Action along with an incomplete and improper Answer on September 26, 2024. *Id.* ¶ 22.

Brian Hartwell closed the pleadings shortly thereafter and claimed the matter to a court trial on the privileged list. *Id.* ¶ 23. Krajewski has failed to cooperate with the attorney whom Union Mutual hired to defend Hartwell's claims against him by failing to maintain contact with the attorney, failing to answer discovery requests, and failing to provide responsive information helpful to his defense. *Id.* ¶ 24.

### B.    Procedural History

Union Mutual filed the Complaint in this Court on December 11, 2024. Compl., ECF No. 1. Krajewski, Brian Hartwell, and Frances Hartwell were properly served but initially failed to appear or plead, leading the Clerk of Court to enter default against all three. ECF Nos. 11, 12, 13. Union Mutual moved for default judgement against Krajewski, Brian Hartwell, and Frances Hartwell. ECF Nos. 26, 27, 28. Thereafter, Brian Hartwell and Frances Hartwell

entered *pro se* appearances and opposed the motions for default judgment against them. On July 3, 2025, I denied the motions for default judgment as to Brian Hartwell and Frances Hartwell and left the motion for default judgment against Krajewski pending. *See* ECF No. 32. On January 5, 2025, I denied the motion for default judgment against Krajewski, holding that Union Mutual could renew its motion for default judgment as to Krajewski if it prevailed on the merits of its coverage claim. *See* ECF No. 35.

On February 20, 2026, Union Mutual filed a motion for summary judgment and accompanying memorandum. ECF No 36; ECF No. 36-1 ("Pl.'s Mem."). The Hartwells filed their opposition on May 1, 2026. ECF No. 43 ("Defs.' Mem.").

## II.   <u>LEGAL STANDARD</u>

A motion for summary judgment must be granted if the record shows no genuine issue as to any material fact, and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986). The non-moving party may defeat the motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48. The moving party may satisfy this burden by pointing out to the district court an absence of evidence to support the non-moving party's case. *See PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

6

When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted). The party opposing the motion for summary judgment "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.*

When deciding a motion for summary judgment, I may review the entire record, including the pleadings, depositions, answers to interrogatories, admissions, affidavits, and any other evidence on file to determine whether there is any genuine issue of material fact. See Fed. R. Civ. P. 56(c). In reviewing the record, I must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in [his] favor." *Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013) (citation omitted). If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the non-moving party for the issue on which summary judgment is sought, then summary judgment is improper. *See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

## III.    **DISCUSSION**

Union Mutual asserts two main arguments as to why it has no duty to defend or indemnify Krajewski with respect to the Underlying Action. First, Union Mutual contends that Krajewski's material misrepresentations render the Policy void. Pl.'s Mem. at 11. Second, Union Mutual argues that Krajewski's failure to comply with its requests for information, requests for examinations under oath, and documents requests defeats coverage for the

7

Hartwells' claims. *Id.* at 15. The Hartwells argue that two coverage exclusions in the Policy do not apply in this case and assert that Union Mutual has not been prejudiced by Krajewski's actions with respect to the Underlying Action. Defs.' Mem. at 1-2. I agree with Union Mutual that the contract is void because of Krajewski's material misrepresentations and thus I do not reach the question of Krajewski's cooperation.

Union Mutual argues that Krajewski materially misrepresented to it the scope and nature of his business when he applied for coverage. Pl.'s Mem. at 11-12. These misrepresentations, according to Union Mutual, induced Union Mutual to issue the Policy that it would not have issued had it known the truth about the business. *Id.* The misrepresentations about the nature of Krajewski's work, contends Union Mutual, render the insurance policy void. *Id.* The Hartwells do not dispute that Krajewski made false statements when he applied for the Policy. Defs.' Mem. at 2. Accordingly, I conclude that the Policy is void and therefore hold that Union Mutual has no duty to defend or indemnify Krajewski with respect to the Underlying Action.

### A.    Connecticut Law Regarding Material Misrepresentations to Insurers

I apply Connecticut law in this diversity action. "Under Connecticut law, an insurance policy may be voided by the insurer if the applicant made [m]aterial representations . . . , relied on by the company, which were untrue and known by the assured to be untrue when made." *Pinette v. Assurance Co. of Am.*, 52 F.3d 407, 409 (2d Cir. 1995) (internal quotation marks omitted). Thus, to prevail, Union Mutual must "prove three elements: (1) a misrepresentation (or untrue statement) by the [insured] which was (2) knowingly made and (3) material to [the insurer's] decision whether to insure." *Id.*

"For a material misrepresentation to render a contract voidable under Connecticut law, the misrepresented party must know that he is making a false statement. 'Innocent' misrepresentations—those made because of ignorance, mistake, or negligence—are not sufficient grounds for rescission." *Id.* at 409-10. "When Connecticut courts speak of 'innocent' misrepresentations, they generally have in mind the situation in which the applicant does not know that the information he is providing is false." *Id.* "Under Connecticut law, however, a person may not claim that a misrepresentation is 'innocent' solely because the person failed to read the application before signing it." *Id.* "[A]n applicant for insurance has the affirmative duty to inform himself of the content of the application signed by him, under penalty of being bound by the representations as recorded therein." *Id.* (internal quotation marks and citations omitted).

### B.    The Policy is Void

Union Mutual satisfies the three-prong test for voiding the Policy based on material misrepresentation. First, it is undisputed that Krajewski made misrepresentations in connection with the Application. As part of the insurance procurement process, Krajewski provided responses on the Application and made representations to Long regarding the nature of the business, the work that it performed, his lack of use of subcontractors, the gross receipts of the company, among other relevant underwriting information. Pl.'s L.R. 56(a)(1) St. ¶ 2; *see also* ECF No. 37-1, at 1. It is undisputed that "[o]n the Application, Krajewski indicated (and misrepresented) that he performed masonry work only, did not have any incidental operations, did not have any employees, did not subcontract work, did not perform any demolition or excavation operations, and did not use scaffolding, cranes, or heavy equipment." Pl.'s L.R. 56(a)(1) St. ¶ 5; *see also* ECF No. 37-3, at 3.

In fact, Krajewski submitted a proposal for work on the Hartwells' house that "included, among other things, excavation work, removing the old foundation, installing a new foundation, installing all new drainage, installing a new bulkhead, installing a new roof with 20/30 year shingles to match the front of house, installing new gutters, and installing a drainage system from back of house to a drainage ditch about 150 feet from the home." Pl.'s L.R. 56(a)(1) St. ¶ 12. Indeed, Krajewski hired subcontractors and performed excavation work at the house. *Id.* ¶ 14.

The Hartwells do not dispute that Krajewski made misrepresentations in connection with his application for insurance. In fact, the Hartwells confirm many of the actions that Krajewski promised he would not do on his insurance policy application. *See e.g.,* Pl.'s Mem. at 2 ("Much of the work was completed by Mr. Krajewski subcontractor, Marty Merrill."); *see also id.* at 1 ("This case arises out of a contract . . . to install a new foundation at my home."). Thus, it is undisputed that Krajewski misrepresented to Union Mutual the scope and nature of his business's work.

Second, it is undisputed that Krajewski signed the Application, indicating that the information contained therein was true, complete and correct to the best of his knowledge and belief. Pls.' L.R. 56(a)(1) St. ¶ 7; ECF No. 37-3, at 5. Connecticut law holds Krajewski accountable for the Policy he signed. *Pinette*, 52 F.3d at 410 ("Under Connecticut law, however, a person may not claim that a misrepresentation is 'innocent' solely because the person failed to read the application before signing it."); *Ryan v. World Life Ins. Co.*, 41 Conn. 168, 172 (1874) ("The law requires that the insured shall not only, in good faith, answer all the interrogatories correctly, but shall use reasonable diligence to see that the answers are correctly

10

written."). Therefore, I conclude that Union Mutual has satisfied the second prong of void *ab initio* analysis.

Third, answers on the Application, in a section entitled "Risk Level Underwriting Questions," bore directly on Union Mutual's decision to issue the Policy. A policy that insures simple masonry work accounts for much less risk than one that covers a project to replace an entire house's foundation. Furthermore, Union Mutual issued a policy that accounted for the risk of Krajewski's work, not work done by an unknown subcontractor who, according to the Hartwells, actually performed most of the work on the house. Thus, the undisputed evidence shows that Union Mutual has established the third prong of the void *ab initio* analysis, i.e., that Krajewski's misrepresentations were material to Union Mutual's decision to issue the Policy.

Accordingly, the undisputed evidence demonstrates that Krajewski's material misrepresentations render the Policy void *ab initio*. *See Com. Union Ins. Co. v. Lord*, 392 F. Supp. 2d 402, 407 (D. Conn. 2005), *aff'd sub nom. Com. Union v. Lord*, 224 F. App'x 41 (2d Cir. 2007) ("There is nothing in the record detracting from the fact that Lord conveyed a materially false impression to Commercial when he applied for an insurance policy . . . As such, the policy Commercial issued to Lord and Schuman is *void ab initio*."); *see also Ranger Ins. Co. v. Kovach*, 63 F. Supp. 2d 174, 186 (D. Conn. 1999) (concluding "the policy is *void ab initio* due to the material misrepresentation").

## IV.   **CONCLUSION**

For these reasons, I conclude that no genuine issues of material fact exist as to whether Union Mutual has a duty to defend or indemnify Krajewski with respect to the Underlying Action. Union Mutual's Motion for Summary Judgment against the Hartwells is GRANTED.

**SO ORDERED.**

New Haven, Connecticut
June 30, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge

12